IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Bernard A. Boyd,<br><br>    Plaintiff,<br><br>v.<br><br>CHOICEPOINT, INC.,<br><br>    Defendant. | Civil Action No.<br>1:08-CV-01118-TWT-LTW |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 14th day of December, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERNARD A. BOYD, | ) |
| Plaintiff, | ) Civil Action No. <br> ) 1:08-CV-01118-TWT-LTW |
| v. | ) |
| CHOICEPOINT, INC., | ) |
| Defendant. | ) |

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant's Motion for Summary Judgment, Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment, and Plaintiff's Motion to Deny Defendant's Memorandum of Law in Support of its Motion for Summary Judgment. Docket Entries [73, 82, 83]. For the reasons set forth more fully below, this Court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny Defendant's Memorandum of Law in Support of its Motion for Summary Judgment be **DENIED**. Docket Entries [73, 82, 83].

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Bernard A. Boyd (hereinafter "Plaintiff"), who is proceeding *pro se*, filed the instant lawsuit on March 20, 2008. Therein, Plaintiff contends that Defendant ChoicePoint, Inc. (hereinafter "Defendant") discriminated against him on the basis of his race (African-American) and his gender when it terminated his employment in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

Defendant contends that summary judgment should be granted as to Plaintiff's discrimination claims because (1) Plaintiff cannot establish his *prima facie* case of discrimination because Plaintiff failed to show that similarly situated persons were treated more favorably than he was, and (2) Plaintiff cannot demonstrate that Defendant's legitimate, nondiscriminatory reason for terminating his employment–the results of his criminal background check–was a pretext for unlawful discrimination.

## I. STATEMENT OF FACTS[1]

Defendant hired Plaintiff, an African-American man, in 1988. (DSUMF ¶¶ 1, 2.) In August 2006, Plaintiff pled *nolo contendere* to a simple battery charge. (Pl. Dep. 143-147.) The court sentenced Plaintiff to two days in jail, twelve months of probation, and eight hours of anger management. (Pl. Dep. 152-153.) Shortly thereafter, Plaintiff told Kevin Baker, his manager, about the battery charge. (Pl. Dep. 136, 145-146.) In

---

[1] All facts taken from the Defendant's Statement of Undisputed Material Facts (hereinafter "DSUMF") have been admitted or remain undisputed. This Court must accept as admitted those facts in the moving party's statement that have not been specifically controverted with citation to the relevant portions of the record by the opposing party. LR 56.1B.2(2), (3), NDGa. Subjective perceptions, conclusory allegations, or allegations that are otherwise unsupported by record evidence do not create genuine issues of material fact in order to withstand summary judgment. See Chapman v. AI Transp., 229 F.3d 1012, 1051 n.34 (11th Cir. 2000) (en banc); Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997); Carter v. City of Miami, 870 F.2d 578, 585 (11th Cir. 1989). Thus, this Court will not consider any fact (1) not supported by citation to evidence (including a page or paragraph number), or (2) stated as an issue or legal conclusion.

May 2007, Plaintiff voluntarily gave his consent to Defendant to conduct a criminal background check as part of the company-wide background checks that Defendant was performing. (Pl. Dep. 100, 160.) The results of Plaintiff's criminal background check revealed that Plaintiff had pled *nolo contendere* to a simple battery charge. (Pl. Dep. 172-174.) Based on the results of the criminal background check, Defendant terminated Plaintiff's employment on June 15, 2007. (DSUMF ¶ 2; Pl. Dep. 161.)

## II.   **LEGAL ANALYSIS**

### A.   **Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the initial responsibility of asserting the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Apcoa, Inc. v. Fid. Nat'l Bank, 906 F.2d 610, 611 (11th Cir. 1990). The movant is not required, however, to negate its opponent's claim; the movant may discharge its burden by merely "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. After the movant has carried its burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial"; the non-moving party may meet his burden through affidavit and deposition testimony, answers to interrogatories, and the like. Id. at 324 (quoting FED.

3

R. Civ. P. 56(e)).

While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is material when it is identified as such by the controlling substantive law. Id. at 248. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus, the Federal Rules mandate the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

### B.   Plaintiff's Delayed Summary Judgment Filings

As an initial matter, Defendant asks this Court to refuse to consider Plaintiff's response to Defendant's Motion for Summary Judgment and grant Defendant's motion

4

as unopposed because Plaintiff filed his response on August 10, 2010, eight days after it was due. (Docket Entries [82, 83, 84].) While the Court agrees that Plaintiff's response was late, given Plaintiff's *pro se* status, the Court will exercise its discretion, as it is permitted to do, and consider Plaintiff's delayed response. Furthermore, even if the Court declined to consider Plaintiff's late response as Defendant requests, the Court cannot simply grant Defendant's Motion for Summary Judgment as unopposed; rather, the Court must evaluate the merits of Defendant's motion to determine whether summary judgment is appropriate. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

### C. Plaintiff's Discrimination Claims

#### 1. Standard of Proof

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order for Plaintiff to prevail on his Title VII discrimination claims, he must show that Defendant intentionally discriminated against him on the basis of his race and gender using direct evidence, statistical evidence that shows a pattern or practice of discrimination, or circumstantial evidence based on the four-pronged test outlined in McDonnell Douglas Corp. v. Green,

5

411 U.S. 792 (1973). See Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1555-56 (11th Cir. 1995); see also Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (citing EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)).

Because Plaintiff has not presented evidence of a pattern or practice of discrimination[2] or direct evidence, he must prove discrimination through circumstantial evidence, thus invoking the McDonnell Douglas/Burdine burden-shifting analysis. See Jones v. Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1310 (11th Cir. 1998), opinion modified by 151 F.3d 1321 (11th Cir. 1998); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Holifield v. Reno, 115 F.3d 1555, 1561-62 (11th Cir. 1997). Under the McDonnell Douglas/Burdine framework, the plaintiff first has the burden of establishing a *prima facie* case of race or gender discrimination. See

---

[2] In support of his claims, Plaintiff references the EEOC Policy Statement on the Issue of Criminal Conviction Records under Title VII (1982). (Pl. Br., Docket Entry [83], p. 7.) In this Policy Statement, the EEOC revises its business necessity analysis for disparate impact charges. (Def. Reply, Docket Entry [85], Ex. C.) Under the EEOC's new standard, when a charging party alleges that an employer did not hire him or terminated his employment as a result of a conviction records policy or practice that has an adverse impact on his protected class, the employer must show that it considered the following factors to establish that the policy or practice is justified by a business necessity:

> (1) The nature and gravity of the offense or offenses;
> (2) The time that has passed since the conviction and/or completion of the sentence; and
> (3) The nature of the job held or sought.

(Def. Reply Ex. C.) In this case, Plaintiff has offered no evidence that Defendant's company-wide background checks had an adverse impact on African-Americans or on men. Thus, this Policy Statement is inapplicable here.

McDonnell Douglas Corp., 411 U.S. at 802; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the plaintiff meets his burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas Corp., 411 U.S. at 802; Burdine, 450 U.S. at 254; Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). This burden is one of production, not persuasion, and is "exceedingly light." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994); Perryman v. Johnson Prod. Co., 698 F.2d 1138, 1141 (11th Cir. 1983). The plaintiff will then be given an opportunity to show that the defendant's proffered nondiscriminatory reason was merely a pretext for discriminatory intent. Burdine, 450 U.S. at 253; Chapman, 229 F.3d at 1024.

  2. Plaintiff's *Prima Facie* Case

Plaintiff cannot make out his *prima facie* case. To establish a *prima facie* case of race or gender discrimination Plaintiff must show that (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his protected class more favorably or he was replaced by a person from outside his protected class. Howard v. Oregon Television, Inc., 276 F. App'x 940, 942 (11th Cir. 2008); Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ. Ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003). Plaintiff neither presents any evidence about the individual who replaced him nor any evidence tending to show that similarly situated

7

Caucasian or female employees were treated more favorably. In fact, Plaintiff admits that he does not have any evidence about any other employee's criminal background check results. (Pl. Dep. 175-176.) As a result, Plaintiff has not established the fourth prong of his *prima facie* case.

When evidence of similarly situated employees is unavailable, the plaintiff is required to produce other circumstantial evidence of discrimination. Holifield, 115 F.3d at 1562; see also Roxbury-Smellie v. Florida Dep't of Corr., 324 F. App'x 783, 786 (11th Cir. 2009). Plaintiff, however, presents no other circumstantial evidence of race discrimination. Indeed, Plaintiff concedes that he has no facts or evidence to support his claim–other than the fact that he is an African-American man–that Defendant discriminated against him based on his race and gender when it terminated his employment. (Pl. Dep. 176, 178.) Therefore, Plaintiff has not established his *prima facie* case of race or gender discrimination.

### 3. Pretext

Even if Plaintiff could establish a *prima facie* case, this Court would still recommend granting summary judgment on Plaintiff's discrimination claims because Plaintiff cannot show that Defendant's legitimate, nondiscriminatory reason for terminating his employment is merely a pretext for intentional discrimination against Plaintiff. To demonstrate pretext, the plaintiff must show that the defendant's proffered reason lacks credence or that a discriminatory reason more likely influenced the defendant than its proffered reason. See Combs v. Plantation Patterns, 106 F.3d 1519,

8

1528-30 (11th Cir. 1997); Evans v. McClaine of GA, Inc., 131 F.3d 957, 965 (11th Cir. 1997); Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996). See also Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 148 (2000). This burden requires the plaintiff to demonstrate "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Combs, 106 F.3d at 1538. Mere conclusory allegations of discrimination without more, are insufficient to raise an inference of pretext or intentional discrimination where an employer has offered extensive evidence of legitimate, non-discriminatory reasons for its actions. Mayfield, 101 F.3d at 1376.

In this case, Defendant states that it terminated Plaintiff's employment because of the results of his criminal background check. (Pl. Dep. 160-161; Pl. Dep. Ex. 2.) Plaintiff does not dispute that Defendant in fact terminated his employment because of the results of his criminal background check. Thus, Plaintiff does not argue that Defendant's proffered reason lacks credence. Plaintiff only argues, without evidentiary support, that Defendant's explanation for his termination is pretextual because (1) he reported his battery charge to managers Kevin Baker and Joan Lester, who both assured him that everything would be okay, but neither of whom shared the information with Human Resources, and (2) the results of the criminal background check upon which Defendant relied to terminate his employment were not accurate.

Specifically, Plaintiff claims that after he pled *nolo contendere* to a simple battery

9

charge in August 2006, related to an incident that took place at his home, he immediately explained the situation to his manager, Kevin Baker. (Pl. Dep. 145-146.) Plaintiff also claims that he reported the situation to manager Joan Lester. (Pl. Br., Docket Entry [83], 8.) According to Plaintiff, Mr. Baker and Ms. Lester told him that "there were no reasons to be concerned about the incident at [his] home," and "[the incident] was not anything to affect his employment" because "it had nothing to do with Plaintiff's employment at ChoicePoint." (Pl. Br. 8.) Less than a year later, in May 2007, Plaintiff alleges that Defendant said he was required to consent to a voluntary criminal background check as part of the company-wide background checks or his employment would be terminated. (Pl. Br. 8.) After Plaintiff gave his consent, Plaintiff avers that he was called into a meeting with Judy Mar, Senior Human Resources official, and Mr. Baker, during which Ms. Mar terminated his employment based on the results of the criminal background check. (Pl. Br. 8-9.) Plaintiff claims that Mr. Baker sat silently during the meeting with Ms. Mar and "allowed [P]laintiff to be terminated" without making any mention of the conversation he previously had with Plaintiff about Plaintiff's battery charge. (Pl. Br. 9.) Plaintiff further claims that neither Ms. Lester nor Mr. Baker ever told Ms. Mar or anyone else in Human Resources about his battery charge. (Pl. Br. 8-9.) Finally, Plaintiff alludes to several inaccuracies in the results of his criminal background check; however, the only inaccuracy Plaintiff identifies is the probation period was incorrectly listed as two years instead of one year. (Pl. Br. 4, 8.)

To begin, none of the allegations central to Plaintiff's pretext argument are

properly supported by citations to record evidence. Although Plaintiff is proceeding *pro se*, his unsworn allegations cannot be considered on a motion for summary judgment. Wells v. Cramer, 262 F. App'x 184, 187 (11th Cir. 2008); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980). Plaintiff must present evidence in support of his factual claims. Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997); Wells, 262 F. App'x at 187.

Even if the Court were to consider Plaintiff's unsworn assertions, they are not sufficient to meet his burden of proving that a discriminatory reason more likely influenced Defendant's decision rather than its proffered reason. Plaintiff's first argument that Defendant's legitimate, nondiscriminatory reason is pretextual because Defendant reneged on the assurances that he allegedly received from Mr. Baker and Ms. Lester is unavailing. Plaintiff does not provide any evidence that Mr. Baker and/or Ms. Lester had any decision-making authority in connection with his termination.[3] Without such evidence, the fact that Mr. Baker and/or Ms. Lester offered Plaintiff assurances

---

[3] In his brief, Plaintiff states, without evidentiary support, that "Plaintiff ... was told by Judy Mar (Sr. Human Resources) and Kevin Baker (Manager) that due to a Criminal Background Check that Plaintiff voluntary [sic] gave in May 2007 that he was terminated. " (Pl. Br. 3.) Plaintiff also states, again without evidentiary support, that "Judy Mar along with Kevin Baker terminated Plaintiff, stating it was due to voluntary Criminal Background check." (Pl. Br. 8.) Even if the Court could consider these unsworn assertions on summary judgment, which it cannot, neither of these statements establish the identity of the relevant decisionmaker(s). The mere fact that a particular employee informs a plaintiff of an employment action does not raise a genuine issue of material fact that such employee is the decisionmaker. See Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1198 (11th Cir. 1997).

about his continued employment with Defendant that were later overruled is not enough to cast doubt on the legitimacy of Defendant's proffered reason as the actual decisionmaker may have viewed the significance of Plaintiff's battery charge differently from Mr. Baker and Ms. Lester. See Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1261 n.5 (11th Cir. 2001) ("[D]ifferences in treatment by different supervisors or decision makers can seldom be the basis for a viable claim of discrimination."); Jones v. Gerwens, 874 F.2d 1534, 1541 (11th Cir. 1989) ("Courts have held that disciplinary measures undertaken by different supervisors may not be comparable for purposes of Title VII analysis."). Furthermore, Plaintiff has not put forth any evidence that indicates that Defendant would not have terminated his employment had Human Resources been made aware of Plaintiff's battery charge before Defendant received the results of his criminal background check.

Plaintiff also cannot establish pretext by arguing that the criminal background check results upon which Defendant relied were not accurate. The only inaccuracy that Plaintiff has identified is the length of the probationary period. However, Plaintiff does not assert that Defendant was aware of this alleged inaccuracy when the termination decision was made. Nevertheless, merely showing that Defendant terminated his employment based on an honestly-held belief in allegedly inaccurate criminal background check results is not enough to demonstrate pretext. See Lee v. GTE Fla., Inc., 226 F.3d 1249, 1253 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated

by sex.") (per curiam); Alexander v. Fulton Cnty., 207 F.3d 1303, 1339 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race."); see also Nix v. WLCY Radio/Rahall Commc'ns., 738 F.2d 1181, 1187 (11th Cir. 1984) (An "employer may fire an employee for a good reason, a bad reason, *a reason based on erroneous facts*, or for no reason at all, as long as its action is not for a discriminatory reason." (emphasis added)). Besides, Plaintiff has not provided any evidence to show that Defendant would not have terminated his employment had it known that his probation period was one year rather than two.

Accordingly, the Court finds that Plaintiff has failed to establish his *prima facie* case and has failed to show that Defendant's proffered reason for its decision to terminate his employment is pretext for race or gender discrimination. Thus, summary judgment should be **GRANTED** as to Plaintiff's race and gender discrimination claims.

## PLAINTIFF'S MOTIONS TO DENY SUMMARY JUDGMENT

Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny Defendant's Memorandum of Law in Support of its Motion for Summary Judgment appear to simply be Plaintiff's opposition to Defendant's Motion for Summary Judgement. Docket Entries [82, 83.] Because this Court recommends granting Defendant's Motion for Summary Judgment in its entirety, this Court recommends **DENYING** Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny Defendant's Memorandum of Law in Support

of its Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED** and **RECOMMENDS** that Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny Defendant's Memorandum of Law in Support of its Motion for Summary Judgment be **DENIED**. Docket Entries [73, 82, 83].

**SO REPORTED AND RECOMMENDED**, this 14th day of December, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE